[No. 35883.   Department Two.   December 21, 1961.]

HARRIET D. MEIER, *Appellant*, v. THE MANHATTAN LIFE
INSURANCE COMPANY OF NEW YORK, *Respondent*.*

*Sanford Clement*, for appellant.

*Read & Church*, for respondent.

PER CURIAM.—This is an action to recover on a renewed
policy of life insurance for the death of the insured on
August 15, 1959, in Portland, Oregon.

The original policy, issued in 1957, had lapsed for failure
to pay the premiums. On October 31, 1958, the insured
applied for a reinstatement of the policy, and it is the rep-
resentations in the application for reinstatement which
present the issue of fact that is decisive of the case.

The insured, at all times pertinent herein, had a serious
heart ailment called angina pectoris. As a substandard
risk his policy bore an extra high premium. His original
application revealed his heart condition, but stated that
surgical correction, in February, 1955, had produced ex-

*Reported in 367 P. (2d) 151.

cellent results. This was false. He called on his doctors for treatment on many occasions during the life of his original policy and up to the time of his application for its reinstatement.

The application for reinstatement contained the following question:

"Have you had any injury, disease or illness *or consulted any physician* since you applied for the above policy? (If so, give full particulars of each and every one, including name and address of each physician.)" (Italics ours.)

■ The insured answered "No." The routine check which the company always makes with doctors when they are named would have revealed his many visits to them and his serious condition had he answered truthfully. His deception precluded such a check and this materially affected the acceptance of the risk within the purview of RCW 48.18.090. It, therefore, bars a recovery on the policy within the contestable *period*.

The appellant makes some contention that there was no *change* in decedent's condition *after* the original policy was issued, and, hence, the reinstatement was valid regardless of the false and misleading answer in the application for reinstatement. We do not agree. The falsity of the application was not cured by a prior undetected falsity.

The record supports the court's findings of fact and they, in turn, support its conclusion of law.

The judgment is affirmed.

HUNTER, J., concurs in the result.