[No. 35730. Department One. April 12, 1962.]

FRED A. MUSIC, *Appellant,* v. UNITED INSURANCE COMPANY
OF AMERICA, *Respondent.*\*

\* Reported in 370 P. (2d) 603.

*John J. Costello* (of *Walthew, Warner & Keefe*), for appellant.

*Richard C. Reed* (of *Brethorst, Fowler, Bateman, Reed & McClure*), for respondent.

WEAVER, J.—This is an action to recover disability benefits under an accident insurance policy issued by defendant insurance company to plaintiff.

The court sustained defendant's challenge to the sufficiency of the evidence and plaintiff appeals from the judgment dismissing his action with prejudice.

June 27, 1951, plaintiff, a 54-year-old logger, secured the policy in question. The policy insured plaintiff

" . . . against loss of life, limb, sight or time, sustained or commencing while this policy is in force, resulting directly and independently of all other causes from accidental bodily injuries sustained during any term of this policy, hereinafter called such injury, . . .

"If such injury does not result in any of the above mentioned specific losses but shall wholly and continuously disable the Insured for one day or more, the Company will pay indemnity at the rate of One Hundred ($100.00) Dollars per month, beginning with the first medical treatment during disability, so long as the Insured lives and suffers

said total loss of time, provided the Insured is under the regular and personal attendance of a licensed physician, surgeon, osteopath or chiropractor, other than the Insured."

Prior to issuance of the policy, plaintiff sustained minor injuries incident to his employment. They were not of a serious nature. In December, 1949, he had cut his left ankle with a mattock and was absent from work approximately three weeks. Defendant company had notice of this injury when plaintiff applied for insurance.

After the policy was in force, plaintiff sustained two severe injuries:

August 7, 1951, while bucking logs, he was thrown 12 to 14 feet in the air; he suffered four broken ribs. He was off work approximately six weeks, for which defendant compensated him.

August 12, 1952, plaintiff suffered a severe back injury while operating a chain saw. As a result of this injury, plaintiff was under care and treatment by a physician until the latter part of 1955. He was unable to work due to the condition of his back. Defendant compensated plaintiff for 25 days' total disability.

In addition to these two injuries, plaintiff suffered minor injuries, none of which occasioned loss of time.

Plaintiff alleges that he is now wholly and continuously disabled as a result of his accidents. Under the terms of the policy, quoted *supra,* he seeks $100 a month for total loss of time "beginning with the first medical treatment during disability" until date of trial. See *Fanning v. Guardian Life Ins. Co., ante* p. 101, 366 P. (2d) 207 (1961).

In support of its challenge to the sufficiency of the evidence, defendant urges:

(1) that plaintiff has not been under the regular and personal attendance of a licensed physician, surgeon, osteopath, or chiropractor, as required by the contract of insurance;

(2) that plaintiff made certain misrepresentations in his application for insurance;

(3) that there has been an accord and satisfaction by payments of time loss after the two accidents; and

(4) that plaintiff did not sustain time loss or total disability, resulting directly and independently from all other causes, from accidental bodily injuries sustained during the term of the policy.

■ Plaintiff's sole assignment of error requires us to consider the correctness of the trial court's determination that there was insufficient evidence to warrant submitting the case to the jury. In making this determination, we are bound by the rule announced in *Mutti v. Boeing Aircraft Co.,* 25 Wn. (2d) 871, 877, 172 P. (2d) 249 (1946):

"A challenge to the sufficiency of the evidence, or a motion for nonsuit, admits the truth of the plaintiff's evidence and all inferences which reasonably can be drawn therefrom, and requires that the evidence be interpreted most strongly against the defendant, and in the light most favorable to plaintiff. In the determination of such challenge or motion, even though the plaintiff's evidence is in some respects unfavorable to him, he is not bound by the unfavorable portion of such evidence, but is entitled to have his case submitted to the jury on the basis of the evidence which is most favorable to his contention. *Lindberg v. Steele,* 5 Wn. (2d) 54, 104 P. (2d) 940."

■ The contract of insurance provided that disability benefits would be payable "provided the Insured is under the regular and personal attendance of a licensed physician, surgeon, osteopath or chiropractor, other than the Insured."

Evidence, which the jury was entitled to believe, establishes that plaintiff was under continuous medical treatment until the end of 1955. September 20, 1955, two physicians examined him and determined that he was totally disabled and that further treatment could not be expected to relieve him.

The principle appears to be well settled that the above quoted provision of the policy does not apply in cases of permanent disability.

Two reasons are given in support of this conclusion:

" . . . *First,* it is said that the law does not require performance of futile acts and, although fulfillment of this

requirement attests the serious nature of the illness, to give a literal meaning to such provision would be to exalt the letter of the law while submerging the spirit of the contract. *Second,* it is recognized that the primary purpose of such a provision is to establish the good faith of the insured's claim to guard against fraud. Thus, where it is manifest fraud could not exist, the purpose of the contract would be violated by giving such provision a literal and narrow construction. [Citing authorities.] . . ." *Massachusetts Bonding & Ins. Co. v. Springston,* 283 P. (2d) 819, 823 (Okla. 1955);

see annotation 115 A. L. R. 1062, 1066: "Provision of accident or health insurance policy that insured shall be under care of physician or surgeon."

RCW 48.18.090 provides, in part:

". . . no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or avoid the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive."

■ When a false statement has been made knowingly, there is a presumption that it was made with intent to deceive; however, in the instant case, there is credible evidence from which a jury could conclude that the alleged misrepresentations (mainly omissions of reference to minor injuries suffered by plaintiff logger prior to application for insurance) were made without "intent to deceive." There is no evidence to justify a conclusion, as a matter of law, that the alleged misrepresentations were made with intent to deceive. In these circumstances, "intent to deceive" is a jury question. *Kay v. Occidental Life Ins. Co.,* 28 Wn. (2d) 300, 183 P. (2d) 181 (1947).

■ We find no merit in defendant's third contention that it discharged its possible liability for permanent total disability by an accord and satisfaction when it settled plaintiff's claims following his 1951 and 1952 accidents. Claim for total disability had not yet been made and could not, therefore, have been the subject of an accord and satis-

faction arising from these previous settlements. *Trompeter v. United Ins. Co.*, 51 Wn. (2d) 133, 316 P. (2d) 455 (1957).

Finally, defendant urges that the challenge to the sufficiency of the evidence was properly granted because medical testimony disclosed that plaintiff had various preexisting physical defects—an arthritic condition, a congenital back condition, and an ankle injury in 1949—that contributed to his disability; consequently, he could not recover under the terms of the policy that insured him

" . . . against loss of life, limb, sight or time, sustained or commencing while this policy is in force, resulting directly and independently of all other causes from accidental bodily *injuries* sustained during any term of this policy . . . " (Italics ours.)

 Although the trial court's memorandum opinion indicates that this is the principal reason the challenge was sustained, we find it without merit for several reasons.

First, the terms of the policy do not limit recovery to the effect of *one* injury; hence, it is immaterial whether the 1951 rib injury contributed to plaintiff's total disability or not, for the injury was sustained while the policy was in force.

Second, there was evidence in the record from which the jury could have found that plaintiff's 1949 ankle injury was not the cause of plaintiff's present total disability. One physician testified:

"Now coming back to the question of the ankle injury, it was my opinion in 1953 and also at the present time that the ankle injury is not primarily responsible for his back trouble, nor is it contributing very much to his present disability."

Third, the provisions of the policy, quoted *supra,* do not restrict recovery to disability resulting directly and independently from all other *conditions,* only from all other *causes.* The distinction is discussed in *Kearney v. Washington Nat. Ins. Co.*, 184 Wash. 579, 52 P. (2d) 903 (1935); *Pierce v. Pacific Mut. Life Ins. Co. of California,* 7 Wn. (2d) 151, 109 P. (2d) 322 (1941); and *Davis v. North American Acc. Ins. Co.,* 42 Wn. (2d) 291, 254 P. (2d) 722 (1953).

Fourth, a physician testified that after he and another physician had examined plaintiff, it was their opinion

" . . . that the two injuries, the one in August of 1951, the other in August of 1952, were responsible for the patient's present symptomology and inability to work. We felt that he was totally disabled from work in view of the fact that further treatment could not be expected to relieve him."

We conclude, there is evidence to present a question of fact to the jury — was plaintiff's disability proximately caused by his 1951 and 1952 injuries.

Fifth, we do not find *Evans v. Metropolitan Life Ins. Co.*, 26 Wn. (2d) 594, 174 P. (2d) 961 (1946), and *Davis v. North American Acc. Ins. Co., supra,* apposite. These cases involved insurance policies excluding coverage for loss caused or contributed to directly or indirectly, wholly or partly, by disease or bodily infirmity. The policy involved in the instant case does not contain a similar restrictive provision.

The judgment dismissing the action is reversed, and the case remanded for further proceedings. Plaintiff will recover costs on appeal. Rule on Appeal 55(b)(1), RCW Vol. 0.

It is so ordered.

FINLEY, C. J., DONWORTH, ROSELLINI, and FOSTER, JJ., concur.