[No. 36758.   Department One.   January 9, 1964.]

NOREEN J. OLSON, *Appellant*, v. BANKERS LIFE INSURANCE COMPANY OF NEBRASKA, *Respondent.*\*

*Powell, Livengood, Dunlap & Silvernale,* for appellant.

*Ferguson & Burdell* and *W. Wesselhoeft,* for respondent.

OTT, C. J.—On or about February 4, 1960, Bernie H. Olson signed an application for a life insurance policy which did not require a physical examination. February 10th, he gave the agent a check for one month's premium in the sum of $23.54. February 28th, the agent delivered the policy to the

*Reported in 388 P (2d) 136.

Olson residence. March 7th, Bernie H. Olson was hospitalized and, on April 1, 1960, he died of cancer.

The company's tender of a full refund of the premiums paid was refused by the beneficiary. Noreen J. Olson brought this action to recover on the policy. The company denied liability for the reason that the answers to the medical questions in the application for insurance were false, and that "The plaintiff's insured, Bernie H. Olson, fraudulently warranted certain matters respecting the condition of his health and medical history."

At the trial, plaintiff's evidence disclosed that the applicant, in the presence of several persons, made a full disclosure regarding his duodenal ulcer and other physical ailments and disabilities, but the agent, knowingly and wilfully, recorded false answers to the questions. Before Mr. Olson signed the application, the agent was asked by the applicant's daughter why the answers were not correctly recorded and he stated: " 'Well, it is really not that important.' "

The verdict of the jury was for the plaintiff, Noreen J. Olson, in the principal amount of the policy. Two special interrogatories were answered by the jury:

"INTERROGATORY No. 1:

"Did Bernie H. Olson make known to Gilbert A. Henkens, Jr. the facts relating to his duodenal ulcer and his treatment therefor by Dr. McKillop?

"ANSWER:     YES     (Yes or No)

"INTERROGATORY No. 2:

"Did Bernie H. Olson have an actual intent to deceive at the time that he signed the application for the insurance?

"ANSWER:     No     (Yes or No)"

Prior to the entry of judgment on the verdict, the opinion in *Hein v. Family Life Ins. Co.*, 60 Wn. (2d) 91, 376 P. (2d) 152 (1962), was filed. The defendant's motion for judgment notwithstanding the verdict was then granted by the trial court for the reason that the insured had had the policy for 32 days prior to his death; that he had a duty to read the policy and discover and report the falsity in the application to the company, and that his failure to do so

constituted a ratification of the fraud; hence, the policy was vitiated.

The plaintiff appeals.

The application for the policy contained 23 medical questions, including one relative to cancer. There is no contention that any of the questions were improperly answered except the following:

"Have you ever had or been told that you had any of the following: . . .

"Rheumatic fever, scarlet fever, tonsillitis, inflammatory rheumatism or arthritis?    No

". . .

"Stomach or duodenal ulcer, indigestion, gastritis or any disease of the stomach?    No"

The applicant's answer to the question relative to scarlet fever was yes, and, when the agent was asked why the answer was not being properly recorded on the application, he stated: "'Well, it is really not that important.'" In answer to the question relative to a duodenal ulcer, the applicant not only advised the agent that he had such an ulcer, but showed him a booklet in which the doctor had written below a diagram "your ulcer is here," as shown on the following page.

Despite this disclosure, the agent again recorded the applicant's answer as no.

The decedent died of cancer. The medical testimony established that the cause of death had no connection with the duodenal ulcer or scarlet fever.

In *Hein v. Family Life Ins. Co.*, 60 Wn. (2d) 91, 97, 376 P. (2d) 152 (1962), we said:

". . . We think it is entirely proper to hold, as so many courts have done: That good faith toward the insurer, as well as reasonable care on the part of the applicant, requires an examination of the application on which their contract is based; and that a failure to report any false statements amounts to a ratification."

■ The *Hein* case is distinguishable from the case at bar in a material particular. In the *Hein* case, according to the plaintiff, the agent recorded improper answers to the medical questions relating to the illness from which the

PHARYNX

ESOPHAGUS

STOMACH

DUODENAL ULCER

DUODENUM

*your ulcer is here.*

insured subsequently died. At the time the application was signed, the false answers were not discovered by the applicant, and there was no discussion between the agent and the applicant relative to the effect of the improper answers. In the cited case, we said that reasonable care on the part of the applicant encompassed a duty to examine the policy upon delivery, and to report to the company any false statements in the application.

In the instant case, the false answers were called to the attention of the agent prior to the signing of the application. The applicant was assured by the agent that the answers to the questions were not important. From February 10th to February 28th, during which interval the company was considering the issuance of the policy, the record does not disclose whether the company's agent related these facts to his principal or whether the company's agent alone passed upon the materiality of the answers to the questions. When the policy was received by the insured on February 28th, the application attached to the policy was exactly as he had signed it. Under these circumstances, there was

nothing to report to the principal which he had not already reported to the principal's agent.

▉ When an insurer's agent construes the materiality of questions in an application to the prospective insured by stating that certain information is immaterial or not required, any misrepresentations resulting therefrom are not chargeable to the applicant but to the insurer, for the reason that the agent is not the agent of the applicant but of the insurer. Couch on Insurance 2d, § 35:192, p. 217. The rule announced in the *Hein* case is not apropos to the facts in the instant case.

Finally, respondent relies upon RCW 48.18.090 (2) which provides:

"In any application for life or disability insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer."

▉ The jury, by its answers to special interrogatories, found that the decedent had no actual intent to deceive the respondent. The statute provides that falsity does not bar the right to recover on the contract "unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer." In this regard, the court instructed the jury as follows:

"You are instructed that under the law of Washington a false statement made in an application for life insurance shall not bar the right of the beneficiary to recover under the contract unless (1) such false statement was made with actual intent to deceive, or (2) it materially affected either the acceptance of the risk or the hazard assumed by the insurance company.

"Accordingly, you shall bring in a verdict for the plaintiff unless the defendant sustains the burden of proving, by a fair preponderance of the evidence, that false statements made in the application for life insurance were (1) made with actual intent to deceive; or (2) that they materially

affected either the acceptance of the risk or the hazard assumed by the insurance company."

In the instant case, whether the representations materially affected the acceptance of the risk or hazard assumed by the insurer were issues of fact to be resolved by the trier of the facts. The jury resolved these factual issues by returning a verdict for the appellant.

The judgment is reversed, and the cause remanded with instructions to enter judgment on the verdict of the jury.

DONWORTH, FINLEY, ROSELLINI, and HUNTER, JJ., concur.