OREGON NATIONAL LIFE INSUR-
ANCE CO., Plaintiff-Appellee,

v.

SUPERIOR SCHOOL PHOTO SERVICE,
INC., Defendant-Appellant.

No. 26701.

United States Court of Appeals,
Ninth Circuit.

June 20, 1972.

Rehearing Denied July 26, 1972.

Jack P. Scholfield (argued), of Gut-
tormsen, Scholfield, Willits & Ager, Se-
attle, Wash., for defendant-appellant.

Don P. Badgley (argued), M. Bayard
Crutcher, of Bogle, Gates, Dobrin,
Wakefield & Long, Seattle, Wash., for
plaintiff-appellee.

Before HAMLEY, HUFSTEDLER
and GOODWIN, Circuit Judges.

ALFRED T. GOODWIN, Circuit
Judge:

The beneficiary of a life insurance
policy appeals from a summary judg-
ment in favor of the insurance company.
We hold that under Washington law

questions of fact remained in the case, and that the entry of summary judgment under Fed.R.Civ.P. 56 was error.

Oregon National Life Insurance Company (Oregon) sought a declaratory judgment to invalidate a life insurance policy which it had issued on the life of Thomas Taylor. Taylor died of coronary artery disease some ten months after the policy was issued.

Taylor had signed a medical-examination report form in which his doctor had checked "no" after a question: "Have you had any indication or diagnosis of coronary artery disease, chest pain or discomfort." His business associates subsequently purchased the two $50,000.00 policies of insurance here in question.

In 1965, Taylor had been examined for chest pains by a Dr. Herman Behla, who had referred him to a Dr. Avery Nelson for electrocardiagrams. Both doctors gave affidavits in this litigation saying that they had informed Taylor that he had a coronary heart problem.

In 1967, Oregon submitted Taylor's name to the Medical Information Bureau (MIB), an insurance-industry clearing house for medical information. From MIB, Oregon learned that in 1965 Taylor was reported to have had a suspected problem of coronary artery disease.

Oregon restudied the Taylor application, and decided to issue the policies, but at a substantially higher premium rate than that applied to its standard risks.

Oregon now alleges that Taylor's 1967 insurance application contained misrepresentations which "materially affected the risk accepted or the hazard assumed," and which therefore bar recovery under Washington law. RCW 48.18.090(2).

RCW 48.18.090(2) provides that the falsity of a statement made in an application for an insurance policy shall not bar recovery upon that policy unless the false statement was made with actual intent to deceive or unless the statement materially affected either the acceptance of the risk or the hazard assumed by the insurer.

Under Washington law, the question whether an insured intended to deceive his or her insurer is ordinarily one for the jury. Music v. United Insurance Company of America, 59 Wash. 2d 765, 370 P.2d 603 (1962). While a presumption of deceitful intent arises where a false statement is knowingly made, Kay v. Occidental Life Ins. Co., 28 Wash.2d 300, 183 P.2d 181 (1947), that presumption may be rebutted by credible evidence. Equitable Life Assurance Soc. v. MacDonald, 96 F.2d 437 (9th Cir.), cert. denied, 305 U.S. 624, 59 S.Ct. 86, 83 L.Ed. 399 (1938).

Appellant contends that the insured did not knowingly make any false statements and that there is evidence which tends to rebut any presumption which may have arisen with respect to the insured's intent to deceive. We agree, and, on this appeal, the insurer does not argue otherwise.

Rather, the insurer contends that the district court was required to conclude, as a matter of law, that the insured's false statements materially affected the acceptance of the risk or the hazard assumed by the insurer.

Where an insured makes false statements denying the presence of heart disease and fails to list properly the names of physicians who have diagnosed such disease, there arises a presumption, under Washington law, that such false statements will materially affect the insurer's acceptance of the risk. *See, e. g.,* Meier v. Manhattan Life Insurance Co. of New York, 59 Wash.2d 257, 367 P.2d 151 (1961). *See also* Union Trust Co. of Maryland v. Kansas City Life Ins. Co., 300 F.2d 606 (4th Cir. 1962), where the Fourth Circuit concluded, as a matter of Maryland law, that such deceptive statements do materially affect the risk assumed by the insurer.

This presumption of materiality, like the presumption of deceitful intent, is rebuttable by credible evidence, and, where there is conflicting evidence, the question of materiality is one for the jury. *See, e. g.,* Olson v. Bankers Life Insurance Co. of Nebraska, 63 Wash.2d 547, 388 P.2d 136, 139 (1964).

The Fifth Circuit, construing a Texas statute similar to Washington's, has held that the jury must determine whether a statement denying the presence of heart disease materially affected the insurer's acceptance of the risk where the evidence revealed that the insurer had learned, prior to the issuance of its policy, of false statements in the insured's application and had failed to investigate further. Jefferson Amusement Co. v. Lincoln National Life Ins. Co., 409 F.2d 644 (5th Cir. 1969). We believe that the Washington courts would reach the same result.

■ The deposition of Oregon's chief underwriter revealed that, from its MIB inquiry, the insurer knew before it issued Taylor's policy that Taylor had suffered from heart problems including a "suspected coronary," that his family had a history of heart disease, and that one or more of Taylor's EKG records in Oregon's possession showed certain abnormalities of the heart and supporting vascular processes. The deposition also indicates that, in the face of such information, Oregon did not investigate further, but instead wrote the insurance at a substantially increased premium.

In the circumstances, the issue of materiality was in dispute and could not have been decided as a matter of law. Jefferson Amusement Co. v. Lincoln National Life Ins. Co., *supra*; Olson v. Bankers Life Insurance Co., *supra*. *See also* Bishop v. Franklin Life Insurance Co., 412 F.2d 949 (5th Cir. 1969). The summary judgment in favor of the insurer was therefore error.

Reversed and remanded.