172 So.2d 468 (1965)
Harlan F. FECHT, Appellant,
v.
Edmund MAKOWSKI and Margaret M. Makowski, d/b/a Harbor Lights Motel, and Bershire Mutual Insurance Co., a Massachusetts Corporation, Appellees.
Edmund MAKOWSKI and Margaret M. Makowski, d/b/a Harbor Lights Motel, Appellants,
v.
Harlan F. FECHT and Berkshire Mutual Insurance Co., a Massachusetts corporation, Appellees.
Nos. 64-471, 64-485.
District Court of Appeal of Florida. Third District.
February 26, 1965.
Rehearing Denied March 23, 1965.
*469 Joe N. Unger, Miami, for Fecht.
Turner, Hendrick, Fascell & Guilford and John Kirk McDonald, Coral Gables, for Makowski.
Welsh, Cornell, Pyszka & Carlton, and Charles T. Kessler, Miami, for Berkshire Mut. Ins. Co.
Before TILLMAN PEARSON, HORTON and HENDRY, JJ.
HENDRY, Judge.
Appellant, Harlan F. Fecht, and his family were paying guests at a Florida Keys motel and fishing resort which was owned and operated by appellants, Edmund Makowski and Margaret M. Makowski, his wife. Appellant, Fecht, was injured in an accident which occurred while he was a passenger in a motor boat owned and operated by the Makowskis in connection with their motel and fishing resort.
An action at law for damages was instituted in the Circuit Court by Fecht against the Makowskis for injuries sustained. While that action was still in its preliminary stages, the Makowskis instituted this action for a declaratory decree against Fecht and the Berkshire Mutual Insurance Company, the insurer of Mr. and Mrs. Makowski under a "Special Multi Peril Motel Policy" which provided in pertinent part:
"COVERAGE C  LIABILITY:
"This company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this Section applies, arising out of the ownership maintenance or use of the premises, and all operations necessary or incidental thereto, and this company shall defend any suit against the Insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this Section, even if any of the allegations of the suit are groundless, false or fraudulent; but this company may make such investigation and settlement of any claim or suit as it deems expedient."
* * * * * *
"DEFINITIONS  D
"`insured' means (1) the Named Insured, (2) any partner therein or executive *470 officer, director or stockholder hereof, therein or executive officer, director or stockholder thereof, (3) any organization or proprietor with respect to real estate management for the Named Insured, and (4) any person or organization using or legally responsible for the use of saddle animals and watercraft owned, maintained or used by the Named Insured, provided the actual use is by the Named Insured or with his permission; but this provision (4) does not apply with respect to (a) the use of saddle animals, or watercraft while rented to any person or organization other than guests or (b) watercraft while used to carry persons for a charge."
The insurance company denied coverage under their policy because of a misrepresentation by the assured in their application for insurance. The relevant portion of the application is set forth below:
 "9. Watercraft: Coverage Desired x Yes ____ No
 Complete following whether coverage is desired or not.
 a. Outboard Motors Not more than 10 HP 0 : over 10 HP 0 :
 b. Sailboats No. 0 : Length ____
 c. Inboard motorboats and auxiliaries No. 0 :
 Rated speed ____ MPH: length ____ ft:
 d. Canoes or rowboats No. 2 ."
At the time of this application, the motel owners had a motor-powered boat, and the injury received by appellant occurred while using a motor-powered boat owned by the Makowskis. The assured said he never read this application; it was prepared by the insurance agent, and mailed to Mr. and Mrs. Makowski for their signature. Mr. Makowski testified that he "had confidence in Mr. Lund that he drew me up a policy that would stand up".
Mr. Lund, the agent, testified that he prepared this application based on discussions with the assured, but that he never specifically asked either Mr. or Mrs. Makowski whether they owned a motor-powered boat, and it appears that they never volunteered this information. It is appellee-insurance company's contention that this policy would not have been issued for the premium charged if they had known of Makowski's ownership of this motor-powered boat.
It is apparent from the record that the motel owners intended to obtain insurance for their entire business including their motor-powered boat, and that the insurance agent intended to insure them against loss from the operation of every aspect of their business, but that the agent did not know that an integral part of the motel operation was a motor-powered boat.
The chancellor was of the opinion that this failure on the part of the owners to affirmatively advise of the existence of this boat in addition to signing the application of insurance which stated that they owned no motor-powered boats amounted to a misrepresentation pursuant to § 627.01081, Fla. Stat., F.S.A., which entitled the insurer to treat the policy as void. As a result of this determination, judgment was entered for the insurance company, and this appeal followed. We can not agree and reverse.
The record further indicates that the insurance agent, Mr. Lund, made two visits to this property, and that a second representative of the insurance company made two inspections of the property subsequent to the agent's visits. As a result of these inspections, certain repairs were required to be made in order to make the property more safe insofar as the insurance company was concerned.
*471 The inspection by the company subsequent to the issuance of the policy made the significance of the statement in the application less determinative of the question of the company's reliance on the application. In fact, the company amply demonstrated that it did not rely upon the application by virtue of the fact that it twice conducted its own inspection of the property independent of the agent and the statements attributed to the assured in the application. Section 627.01081, in this situation, affords the insurance company no support because that statute requires that the misrepresented facts should result in or cause the company to charge a higher premium for the unrevealed risk.
In other words, in order for the company to be able to take advantage of this section of the law, it must appear that the company relied on this application to their detriment. The statute clearly did not read the requirement of detrimental reliance out of the law.
The general proposition that the insurer is charged with all knowledge that it might have obtained had it pursued the independent inquiry to the end with reasonable diligence and completeness,[1] requires us to attribute knowledge of the ownership of the motor-powered boat to the insurer.
This proposition coupled with the irrelevancy of the application because of the failure of the insurance company to rely upon it, lead to the inescapable conclusion that the chancellor erred in declaring that the policy was void.
Accordingly, the judgment appealed is reversed and remanded for the entry of a judgment decreeing the insurance policy to be in full force and effect.
Reversed and remanded.
NOTES
[1] Columbian Nat. Life Ins. Co. v. Lanigan, 154 Fla. 760, 19 So.2d 67 (1944).