SHANNON, Acting Chief Judge.
The appellant-plaintiff’s husband died in July, 1961, and the appellant filed suit against the defendant, which had issued an insurance policy on her husband’s life. The lower court, sitting without a jury in this action at law, found that there had been a wilful omission of a fact by the insured in his application, and had the insurer known of this fact it would not have issued the policy.
The deceased applied for this insurance policy on January 26, 1961, and one of the questions in the application was: “Had you ever had observation or treatment in any hospital, sanitarium or other institution?” The deceased answered only that he had been hospitalized in Jacksonville in 1943 for an appendectomy. The trial court found that just two days prior to this application the deceased had been released from a hospital where he had spent the previous four days. The deceased had been suffering chest pains and, having been very fearful of heart trouble, had gone to the hospital where he was admitted at the emergency room. During the next four days the deceased underwent extensive testing for heart disease and other possible causes of the chest pain. The deceased was discharged four days later, the tests having disclosed no heart disease, and the attending physicians having been unable to determine the cause of the chest pain. Two days later the deceased applied for insurance and did not disclose this hospitalization. He died seven months later and the examining physician’s opinion was that he suffered a heart attack; however, no autopsy was performed.
Fla.Stat., Sec. 627.01081, F.S.A. provides:
“All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:
“(1) Fraudulent; or
“(2) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or
“(3) The insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.”
The appellant has argued this case as if the trial court had erred in answering a question of law. The trial court was sitting without a jury, and found as a matter of fact that the deceased failed to disclose information which was material to the acceptance of the risk and that the insurer would not have issued the policy if it had known these facts. There is competent substantial evidence in the record to support this finding and therefore we affirm the judgment of the lower court.
Affirmed.
WHITE, J., and MELVIN, WOODROW M., Associate Judge, concur.