191 So.2d 483 (1966)
Edwin C. DOUGLAS, Appellant,
v.
The MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, a New York Corporation, Appellee.
No. 6645.
District Court of Appeal of Florida. Second District.
October 12, 1966.
Rehearing Denied November 22, 1966.
P.B. Howell, Jr., and Walter Warren, Leesburg, for appellant.
Edward Voegeli, New York City, and Charles Cook Howell of Howell, Dawson, Galant, Maddox & Sulik, Jacksonville, for appellee.
ALLEN, Chief Judge.
Edwin C. Douglas, plaintiff below, appeals from an adverse judgment of the trial court, sitting without a jury, decreeing that insurance policies between Douglas and the insurance company are cancelled and rescinded and that plaintiff cannot recover his claims.
The facts, substantially undisputed, are simple. The appellant applied for hospital and surgical expense insurance to cover his wife. Upon application, appellant was asked:
"Q. 20  Have you or anyone else proposed for insurance, so far as *484 you know, been treated for or had indication of:
"i)  Fainting spells, dizziness, paralysis, epilepsy, or any nervous or mental disorder?
"1)  Impaired vision or hearing, or disorder of eyes, ears, nose, throat or sinuses?
"Q. 21  Have you or anyone else proposed for insurance, so far as you know, ever:
"b)  Had an x-ray, cardiogram, blood or other special test?
"c)  Consulted or been examined or treated by any physician or practitioner in the last 5 years?"
Appellant answered all questions negatively except question 21(c), to which he responded in the affirmative.
The policies were issued. Subsequently, appellant filed claims with appellee because his wife had incurred certain hospital and medical expenses covered by the policies. The expenses were incurred for the sicknesses manifested by non-disclosed complaints.
Appellee refused to pay the claims and sought to rescind the policies because, contrary to answers given in the application, Mrs. Douglas was afflicted with dizzy spells, headaches and had been treated for a fungus infection of her ears.
Appellant sued to avoid cancellation and to require the insurer to pay the proffered claims. Appellee defended on the basis of the material misrepresentation and counterclaimed for rescission.
Upon hearing, the court found (1) that the answers to the questions in the application were incorrect, but were made in good faith and (2) that without dispute, defendant would not have insured Mrs. Douglas had it known of these complaints.
The sole assignment of error raises one legal question, whether an erroneous answer to a question on an insurance application, admittedly material to the acceptance of the risk of the contract, must be given in bad faith to vitiate the policy under Section 627.01081(2), Florida Statutes, F.S.A.
Section 627.01081 states:
"Representations in applications.
"All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:
"(1) Fraudulent; or
"(2) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or
"(3) The insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise."
The obvious wording of the statute prevents recovery for "incorrect statements" * * * "material * * * to the acceptance of the risk. * * *"
We believe the plain meaning of the quoted section should control the outcome of this decision, but we will review other cases to determine whether other Florida courts have passed directly upon the issue before us.
American Bankers Life Assurance Co. of Fla. v. Toth, Fla.App. 1964, 165 So.2d 804, cited by appellant, explicitly never reached an interpretation of the questioned statute. Summary judgment, upon a life insurance policy for the beneficiary, was affirmed not *485 because the insured knowingly and erroneously answered questions on his insurance application but because the insurance company "did not insist on full and complete answers."
In Fecht v. Makowski, Fla.App. 1965, 172 So.2d 468, the insured recovered upon a liability policy. The insurance company tried to rescind the policy because of a misrepresentation by the insured in their application. The court affirmed and found that in order for the insurer to take advantage of Section 627.01081 it must show detrimental reliance upon the application's misrepresentation. The company could not show this necessary reliance. The outcome in Fecht, therefore, did not turn upon the question herein involved.
Appellant also cites Lamm v. Prudential Insurance Company of America, Fla. App. 1965, 179 So.2d 238, to support his assertion that bad faith is required to vitiate the instant policy under Section 627.01081. The trial court awarded summary judgment to the defendant-insurer in Lamm because of misrepresentations, omissions, and/or concealment of facts in the insured's application material to the risk assumed by the insurer. The appellate court reversed for trial because genuine issues of material fact existed as to "[t]he extent of the questions asked by the insurance agent, the correctness of the answers given by the plaintiff, and plaintiff's alleged misrepresentation, or knowledge of the seriousness of the `heart murmer', * * *" We construe the quoted portions of the decision to mean that if the insured had incorrectly answered her application and these answers were found to be material misrepresentations, then the insurer could avoid the policy under § 627.01081(2) as well as under § 627.01081(1), if under subsection (1) these representations were made with knowledge of their incorrectness.
The appellate court in Powell v. Southern Life and Health Insurance Co., Fla.App. 1965, 173 So.2d 721, affirmed the insurance company's avoidance of its policy with Powell. Although the language of this decision appears to be somewhat self-contradictory, the court affirmed the trial court's factual determination under Section 627.01081, "* * * that the deceased failed to disclose information which was material to the acceptance of the risk and that the insurer would not have issued the policy if it had known these facts." See also: Prudential Ins. Co. of America v. Whittington; Fla.App. 1957, 98 So.2d 382.
The appellate court in Pennsylvania Thresh. & F.M.C. Ins. Co. v. Koltunovsky, Fla.App. 1964, 166 So.2d 462, reversed the trial court's decision for the insured and remanded because the trial court erred in refusing to introduce the testimony of officials of the insurance company. The content of this testimony was that during negotiations for issuance of the policy the insured had made misrepresentations which could have been material under Section 627.01081.
While none of the cited cases have passed directly on the question before us, Pennsylvania Thresh. & F.M.C. Ins. Co. and Powell seem to have abided by the plain language of Section 627.01081 by allowing the insurer's avoidance of policies for material misrepresentations not fraudulently made under Section 627.01081(2).
Although there is some authority to the contrary, see: Life Insurance Company of Virginia v. Shifflet, 359 F.2d 501 (5th Cir.1966), other jurisdictions have also adhered to the rule that material misrepresentations in an application for insurance do not have to be fraudulently made to give the insurer cause to avoid the policy. Campbell v. Prudential Insurance Co. of America, 15 Ill.2d 308, 155 N.E.2d 9 (1958); Lennon v. John Hancock Mutual Life Ins. Co., 339 Mass. 37, 157 N.E.2d 518 (1959); Manufacturers Life Ins. Co. v. Beardsley, 365 Mich. 308, 112 N.W.2d 514 (1961); Bushfield v. World Mut. Health & Acc. Ins. Co. of Pennsylvania, 80 S.D. 341, 123 N.W.2d 327 (1963); Briggs v. United Services Life Ins. Co., 80 S.D. 26, 117 N.W.2d 804 (1962) *486 construing District of Columbia statute; Travelers Indemnity Co. v. American Cas. Co. of Reading, Pennsylvania, 226 F. Supp. 354 (S.D.W.Va. 1964) (where at pages 361 and 362 the Court construed the 1957 West Virgina statute); All American Life & Casualty Co. v. Krenzelok, Wyo., 409 P.2d 766 (1966).
We will not try to determine the intent of the legislature where the language of the statute is clear. We do not believe that the application of this section will bring about absurd results because the burden is upon the insurer to demonstrate the misrepresentation, its materiality, and the company's detrimental reliance.
Affirmed.
PIERCE, J., and WILLIS, ROBERT E., Associate Judge, concur.