Harold WISSNER, as father and next friend of Jack David Wissner et al., minors, and Harold Wissner, Individually, Appellants,

v.

The METROPOLITAN LIFE INSURANCE COMPANY, Appellee.

No. 25190.

United States Court of Appeals
Fifth Circuit.

May 23, 1968.

Thomas A. Horkan, Jr., Dunn & Johnson, Miami, Fla., for appellants.

George W. Wright, Jr., Dwight Sullivan, Scott, McCarthy, Steel, Hector & Davis, Miami, Fla., for appellee.

Before GOLDBERG, GODBOLD and SIMPSON, Circuit Judges.

PER CURIAM:

Appellants, plaintiffs below, sued on a life insurance policy issued by appellee on the life of Ida Wissner. Appellee admitted issuance of the policy and its refusal to pay any benefits except a tender of return of premium which was refused. The appellee alleged that Mrs. Wissner gave false, untrue and/or incomplete answers in the application for insurance, and if appellee had known the true facts it never would have issued the policy. The appellee moved for and was granted a summary judgment. This appeal followed. We affirm.

Appellant brings three specifications of error before this Court: (1) there were issues of fact as to the bad faith of the insured, (2) there are issues of fact to be tried even under Florida Statute 627.01081, F.S.A., and (3) Florida Statute 627.01081, F.S.A. is unconstitutional.

Pertinent to our inquiry are the provisions of Florida Statute 627.01081, F. S.A.,[1] a recent decision of the Florida Supreme Court[2] and the application of both of the above to a case much like that at bar.[3]

 The decision of the Florida Supreme Court in *Shifflet* makes it unquestionably clear that fraudulent motive or bad faith is required for *only* subsection (1) of 627.01081. Subsections (2) and (3) of 627.01081 encompass all other material misrepresentations, omissions and concealments, no matter what the intent or state of knowledge of the insured. This holding is reiterated and applied in *McDonell*.

 The record overwhelmingly supports the conclusion that Mrs. Wissner made several material misrepresentations on her application for insurance, thereby preventing recovery on the policy without regard to the fraudulent nature of the misrepresentations.

 The remaining contention of appellant is that 627.01081 is unconstitutional. The appellant argues that the statute violates the Fifth and Fourteenth Amendments to the United States Constitution and Sections One and Twelve of the Declaration of Rights of the Constitution of the State of Florida, F.S.A., in that it arbitrarily discriminates against one class of persons, i. e., those entering into insurance contracts.

The appellee maintains that the constitutional question is not properly before this Court inasmuch as it was not raised below by pleading. Assuming the point to be properly before us, we have examined it and find it to be without merit.

Affirmed.

1. "Representations in applications—All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:

(1) Fraudulent; or

·(2) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or

(3) The insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise."

2. Life Insurance Company of Virginia v. Shifflet, Fla.1967, 201 So.2d 715, original opinion of this Court in *Shifflet*, 359 F.2d 501; granting a motion for rehearing and certifying the question to the Florida Supreme Court, 370 F.2d 555; vacating the earlier judgment of this Court and remanding to the district court, 380 F.2d 375.

3. McDonell v. New England Mutual Life Ins. Co., et al., 5 Cir. 1967, 380 F.2d 983.