Juanita W. BISHOP, Plaintiff-Appellant,

v.

The FRANKLIN LIFE INSURANCE COMPANY, Defendant-Appellee.

No. 26642.

United States Court of Appeals
Fifth Circuit.

May 29, 1969.

Roderic G. Magie, of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, Fla., for appellant.

Alan B. Fields, Jr., of Jones & Sims, Pensacola, Fla., for appellee.

Before AINSWORTH and SIMPSON, Circuit Judges, and MITCHELL,* District Judge.

MITCHELL, District Judge:

This is an appeal from a judgment of the District Court granting the defendant insurer's motion for a directed verdict on a suit upon a life insurance policy.

The basic facts are not in dispute: On October 21, 1964, Robert E. Bishop, executed an application for a life insurance policy to be issued by the defendant-appellee, Franklin Life Insurance Com-

pany. Appellant, Juanita W. Bishop, Robert's wife, was made the beneficiary on the policy.

Subsequently, on October 22, 1964, the insured was examined by the insurer's physician, who completed a form on the basis of responses to various inquiries concerning the insured's health and which the insured signed. In this form the insured stated that: he "had not seen a physician in the past fifteen or twenty years and then only for a mild upper respiratory infection"; he had never had chest pains, shortness of breath, asthma or other respiratory problems; he was not then taking medications; he was not presently suffering from a disease; and he had never had X-rays, electrocardiograms or other diagnostic tests.

However, during the course of the trial, the insured's physician, Dr. H. C. White, testified that: Robert Bishop had visited him twice in August, 1964, once in September, 1964, and once in October, 1964; the prime reason for these visits was that Bishop was suffering from chest pains and shortness of breath; and, as a consequence, Bishop underwent various diagnostic tests and was treated for such respiratory illnesses as bronchitis, sinusitis and pneumonia.

Robert E. Bishop died on December 27, 1965, of Cerebral Anoxia caused by obstructive emphysema and chronic and acute bronchitis and bronchiolitis.

Defendant declined payment of the policy on the basis of alleged misrepresentations in the policy application.

The only issue on appeal is whether or not the District Court erred in granting defendant's motion for a directed verdict on the grounds that the insured's misrepresentations were material to the acceptance of the risk and that the insurer in good faith would not have issued the policy or would not have issued it at the same premium rate if the true facts had been known to it.

* Sitting by designation.

Section 627.01081 of the Florida Statutes, F.S.A. states:

"Representations in applications—All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:

(1) Fraudulent; or

(2) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or

(3) The insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required * * *."

Since the insurer is not relying on the defense of fraud the pivotal issues are (1) the materiality of the insured's alleged misrepresentations and (2) the extent of the reliance of the insurer on these alleged misrepresentations.

■ It is well settled under Florida law that misrepresentations in an application for insurance, material to the acceptance of the risk, do not have to be made with knowledge of the incorrectness and untruth to vitiate the policy.[1]

■ However, it is equally well settled under Florida law that the materiality of misrepresentations by an insured, and the reliance placed upon such misrepresentations by an insurer, are disputed questions of fact to be resolved by a jury.[2] In *Lamm*, the court stated:

"We quote with approval the discussion of misrepresentation, concealment, and breaches of warranty or condition in 18 Fla. Jur. Insurance § 455:

" 'In general, in suits on insurance contracts, if the evidence is susceptible of different inferences, the question of whether there has been misrepresentation, concealment, or a breach of warranty or condition, is one of fact, for resolution by the jury. Accordingly, where it is contended that the insured has misrepresented the condition of his health in applying for insurance or in securing reinstatement, and the evidence is not conclusive on the point, it is for the jury to resolve the question; and in so doing it is within their province to reject expert testimony and rely on lay evidence. Whether or not the insured falsely represented material facts that induced the insurer to issue policies solely on the strength of the insured's statements, without regard to an independent investigation made by it, is likewise a question of fact.' "

■ Further to the alleged misrepresentations by the insured, it is possible to conclude that his answers put the defendant on notice concerning the nature of the ills that he suffered prior to the inception of the policy, and that defendant's agent (the physician who filled in the insured's responses on the application form) was fully informed of the insured's physical condition. Accordingly, although Bishop undoubtedly made some misrepresentations, their materiality, and the reliance placed upon them by the insurance company, were factual questions for the jury to decide. The district court erred in directing a verdict in defendant's favor because the evidence was of such a character that reasonable men,

1. Life Ins. Co. of Virginia v. Shifflet, 201 So.2d 715, 719 (Fla.-1967).

2. Lamm v. Prudential Ins. Co. of America, 179 So.2d 238 (Fla.App.-1965). See also Fecht v. Makowski, 172 So.2d 468 (Fla.-1965).

in an impartial exercise of their judgment, might reach different conclusions.[3]

Reversed and remanded for trial by a jury.

SIMPSON, Circuit Judge (dissenting):

The basic source of the error of the majority appears at page 951 supra: "* * * well settled under Florida law that the materiality of misrepresentations by an insured, and the reliance placed upon such misrepresentations by an insurer, *are disputed questions of fact to be resolved by a jury.*" (Emphasis mine)

Of course these are questions of fact for a jury if *they are disputed,* just like any other disputed questions of material fact. But these matters were established without dispute and beyond dispute on the record before us.

Dr. H. W. White testified that Mr. Bishop was, in fact ill; that he had consulted a physician, that he had undergone x-ray tests, and that he had received medication two months before and again the day before he made the false statements. Dr. White's testimony was not rebutted. The appellant supported his veracity by stating her confidence in it.

The reliance by the defendant upon Mr. Bishop's false statements and their materiality to the risk were established by unassailed (and unassailable) testimony.

There were no issues for the jury. The trial judge, correctly I think, considered himself bound by *Shifflet,*[1] *McDonell*[2] and *Wissner,*[3] to grant a directed verdict.

Directed verdict was granted below, it should be pointed out after full op-portunity for exploration of the facts by testimony from both sides. Both *McDonell,* supra, and *Wissner,* supra, were summary judgment cases in which we followed the Florida law as set forth by that state's Supreme Court in *Shifflet,* supra. Equally with the trial court, this panel is bound by these decisions and should affirm this case.

I respectfully dissent.

3. Hogan v. United States, 325 F.2d 276 (CA 5-1963); Wells v. Warren Company, 328 F.2d 666 (CA 5-1964); Moore's Federal Practice, Vol. 5, Sec. 50.02(1) p. 2320.

1. Life Ins. Co. of Virginia v. Shifflet, 201 So.2d 715 (Fla.1967).

2. McDonell v. New England Mutual Life Insurance Company, 5 Cir. 1967, 380 F. 2d 983.

3. Wissner v. Metropolitan Life Insurance Company, 5 Cir. 1968, 395 F.2d 204.