OWEN, Judge.
This was a suit on a disability insurance policy issued by appellant to Mr. Posey as the insured. As an affirmative defense the insurer alleged that Mr. Posey had made misrepresentations in the application which were fraudulent, or material to the risk, or which were such that had the true facts been known, the company in good faith would not have issued the policy in the form which it did. An amendment to the answer also alleged a misrepresentation by Mr. Posey in a supplemental health certificate signed some three weeks after the policy was dated. The case was tried before the court without a jury and resulted in a judgment favorable to the insured, from which the insurer brings this appeal. We affirm the judgment.
By separate order entered prior to the final judgment, the court set forth its factual findings from the evidence. The court found that Mr. Posey had not made any misrepresentations in connection with the original application and that his answers were truthful and complete to his best knowledge. The court also stated that it would disregard the supplemental health certificate since it was signed after the policy was issued.
The two misrepresentations which the insurer alleged and sought to prove were that Mr. Posey had incorrectly denied ever having or ever being told that he had “kidney trouble” or other disease of the genitourinary tract, and that he incorrectly denied that he had ever had an electrocardiogram, x-ray or fluoroscopic examination, or other diagnostic examination.
Although the evidence clearly established that Mr. Posey had polycystic kidney structure as a congenital condition, there was medical testimony to the effect that such condition did not become “kidney trouble” or kidney disease until such time as the condition had progressed to the point where it caused complications. There was also medical testimony from which the court could find that this stage did not occur in Mr. Posey’s condition until December, 1965. Since the application was signed in January, 1965, there is in the record substantial competent evidence upon which the court could find that at the time of signing the application, Mr. Posey neither had, nor had he ever been told that he had, “kidney trouble” or other disease of the genito-urinary tract. That finding of fact, being amply supported by the evidence, should not be disturbed.
*69 Mr. Posey did have an intravenous pyelogram performed in December, 1964, while hospitalized following an industrial injury. Thus, his denial of ever having had x-ray or fluoroscopic examination or other diagnostic examination, constituted a misrepresentation and appellant is correct in its position that in this respect the court erred in finding that there was no misrepresentation in the original application.
Under F.S.1967, Section 627.01081, F.S.A., the insurer may not take advantage of such misrepresentation to void the policy unless the same was either fraudulent or material to the risk or such that the insurer in good faith would not have issued the policy in the form which it did. The factual finding by the court that Mr. Posey’s answers to the questions on the application were truthful and complete to his best knowledge and information, while not relieving him of the effect of such misrepresentation, Life Insurance Co. of Virginia v. Shifflet, Fla. 1967, 201 So.2d 715, would at least eliminate the issue of fraud if such a finding by the court is sustained by the record. We find that it is. There was no evidence that the misrepresentation was material to the risk, nor that the insurer relied upon such misrepresentation in the original application or relied upon any statement in the supplemental health certificate. Proof of reliance upon a misrepresentation to the insurer’s detriment is essential if the insurer seeks to void the policy because of a misrepresentation in the application. Fecht v. Makowski, Fla.App. 1965, 172 So.2d 468. Neither did the insurer offer any evidence that had the true facts been known it would not have issued the policy in the form which it did, which clearly distinguishes the instant case from Douglas v. Mutual Life Insurance Company of New York, Fla.App.1966, 191 So.2d 483, and Life Insurance Company of Virginia v. Shifflet, supra.
Appellant also complains of the attorney’s fees awarded counsel for Mr. Posey. The amount awarded was less than the amount disclosed as being a reasonable fee, and no error is shown in this regard.
Affirmed.
WALDEN, J., and FARRINGTON, OTIS, Associate Judge, concur.