**Juanita W. BISHOP, Plaintiff-Appellee,**

v.

**The FRANKLIN LIFE INSURANCE COMPANY, Defendant-Appellant.**

**No. 29791.**

United States Court of Appeals, Fifth Circuit.

Dec. 10, 1970.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

* Honorable Philip Nichols, Jr., sitting by designation.

Alan B. Fields, Jr., Dowda, Miller, Hedstrom & Fields, Palatka, Fla., for defendant-appellant.

Bert Lane, of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, Fla., for plaintiff-appellee.

Before RIVES and SIMPSON, Circuit Judges, and NICHOLS,* Judge of Court of Claims.

PER CURIAM:

Since its last appearance in this Court,[1] the lower court has retried this case three times, first to a mistrial, next to another verdict in favor of Mrs. Bishop as beneficiary under the policy, which the district court set aside as against the manifest weight of the evidence, and for the third time to another verdict for the plaintiff-appellee. During and following the latter trial the insurer made unsuccessful motions for directed verdict, for new trial and for judgment n. o. v. This appeal followed.

It is conceded by appellant's counsel that the evidence at the last trial did not differ in any material particular from the evidence at the former trial which resulted in the last appeal. Nevertheless, we are urged to hold that the prior panel incorrectly determined the controlling legal principles and that this panel should reexamine those principles and reverse for entry of judgment for the insurer.

The rule in this Circuit as to "law of the case" is fully explicated in Lincoln National Life Insurance Co. v. Roosth, 5 Cir. 1962, 306 F.2d 110, 113–114, head-

* Honorable Philip Nichols, Jr., sitting by designation.

1. Bishop v. Franklin Life Insurance Company, 5 Cir. 1969, 412 F.2d 949, reversing the lower court for granting Franklin's motion for directed verdict, and re-

notes 2–6 inclusive and supporting text. The guidelines established in that decision mandate an affirmance of this appeal.

Affirmed.

manding for a new trial. We held there that jury issues were present (1) as to the materiality of misrepresentations by the insured as to his state of health contained in his application for insurance, and (2) as to the reliance the insurer placed upon such misrepresentations.