CARROLL, Judge.
By a complaint filed in the circuit court of Dade County the appellant sought recovery under a medical expense policy. The defendant insurer’s answer averred material misrepresentations in the insurance application. On trial of the cause a verdict was rendered in favor of the plaintiff. The defendant moved for an order *562 granting its motion for directed verdict made at the close of the case, upon which ruling had been reserved. The court granted the motion and entered judgment for the defendant, from which the plaintiff appealed.
Appellant contends the court committed error for the reason that the misrepresentations should not have been held to constitute basis for denying liability under the policy, relying on § 627.409 Fla.Stat., F.S. A.
We hold reversible error has not been shown. The section of the statute cited by the appellant provides that misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under a policy, unless, among other things, the insurer in good faith would either not have issued the policy or would not have issued it at the same premium rate or in as large amount, or would not have provided coverage for the hazard resulting in the loss, if the true facts had been made known to the insurer as required, either by the application or otherwise.
The judgment contained statement of a number of grounds therefor, including one which showed judgment for the defendant insurer was not contrary to or inconsistent with the provisions of § 627.409 Fla.Stat., F.S.A., viz:
“2. Said application contained misrepresentations, omissions, concealment of facts and incorrect statements which were material to the acceptance of the risk as well as the hazard assumed by the Defendants and had the Defendants known the truth and correctness of the answers to said questions the Defendants, in good faith, would either not have issued the policy or the Defendants would not have provided coverage with respect to the hazard resulting in the loss or the Defendants would have issued riders against the policy to protect against the hazard.”
The judgment is affirmed.