299 So.2d 163 (1974)
Lois R. GARWOOD, Appellant,
v.
The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, a Foreign Corporation, Appellee.
No. 73-1560.
District Court of Appeal of Florida, Third District.
September 3, 1974.
George C. Vogelsang, Miami, for appellant.
Shutts & Bowen and Richard M. Leslie, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
*164 HENDRY, Judge.
Appellant, plaintiff in the trial court, seeks review of an adverse summary final judgment.
Plaintiff filed a complaint against the Equitable Life Assurance Society of the United States [hereinafter Equitable] and its insurance agent, Joseph J. Ades, who is not a party to this appeal. The complaint averred that the plaintiff was the beneficiary under certain life insurance policies issued to her deceased husband, Albert Garwood, by the defendant insurance company, totaling $80,000. It was further alleged that the insured died on October 22, 1972, and a claim for the proceeds of the policies had been made with the insurance company and denied by the company.
Equitable answered the complaint, admitting that the claim had been denied. By an affirmative defense, however, the appellee stated that the insurance policies issued to Albert Garwood were induced by material misrepresentations made by Garwood. The company alleged that the insured's responses to questions 7(d) and 10(a), (b), (c), and (d) were false, that this information was material to the insurance risk assumed by Equitable, and the policies in question were issued in reliance upon the misrepresentations made by the insured. Therefore, Equitable concluded that the policies were null and void.
Following pre-trial discovery, Equitable filed a motion for summary judgment, and after a hearing, and after review of the affidavits of Dr. George Goodkin, Equitable's Assistant Vice President and Associate Medical Director from New York, the plaintiff and one, Irwin Gross, another insurance agent who had tried to sell Garwood a life insurance policy in late October, 1971, as well as other evidence of record, the trial court entered summary final judgment in favor of Equitable.
The undisputed facts reveal that the insured was hospitalized in South Miami Hospital from September 28, 1970 until October 8, 1970 for what was diagnosed as hypertensive arteriosclerotic heart disease, coronary insufficiency. This was just over one year prior to his application for life insurance filed with Equitable.
Garwood did not reveal on the application that he had been treated for a heart disorder. In addition, he answered negatively to questions on the insurance application inquiring whether or not within the past five years, the insured had consulted any physician, had any illness, injury or surgery, or had an electrocardiogram. Approximately one year later, Garwood died from a heart condition.
In paragraph 10 of his affidavit, Dr. Goodkin stated as follows:
"If Mr. Garwood had admitted in his Application, Part 2 in response to question 7(d) his history of chest pain, high blood pressure, heart attack or heart disease, or in answer to question 10(a) that he had consulted or had been examined or been treated by Sidney Fox, M.D. for other than his `July, 1971 regular check,' or in answer to question 10(d) that he had had an electrocardiogram, x-ray or other diagnostic test, Equitable's underwriting rules and standards would have required an `Attending Physician Statement' from Dr. Fox and upon obtaining the information contained in the attached South Miami Hospital record ... Equitable ... would have declined the application and refused to issue either of the subject policies."
In our view, the facts of the instant case are governed by the holding of our Supreme Court in Life Insurance Company of Virginia v. Shifflet, Fla. 1967, 201 So.2d 715; see also, National Standard Life Insurance Co. of Permenter, Fla. 1967, 204 So.2d 206.
In reaching a determination as to whether the misrepresentations made by Garwood *165 were material to the insurer's acceptance of the risk so as to vitiate the policy under Fla. Stat. § 627.409, F.S.A., the test enunciated in the Shifflet case does not turn on Garwood's actual knowledge that his statements were incorrect or untrue.
Rather, a proper test which we deem applicable to the instant case was set forth by Mr. Justice Ervin in his special concurrence in the Permenter case, as follows:
"... An incorrect statement in order to be material and vitiate a policy must be one given by the insured in response to a question he understood or reasonably should have understood, or one which reasonably he could be expected to have sufficient information to answer or state he lacked knowledge to give a responsive answer... ."
In this light, we think the statement in appellant's affidavit contending that her husband neither was informed nor did he know that he was suffering a heart condition when he was hospitalized in 1970, is not controlling. We think the insured did have sufficient information to have answered the specific questions on the insurance application differently from the answers which in fact he gave.
We also do not find the information appearing in Mr. Gross' affidavit to be relevant to the issues in this case. Statements which are contained in affidavits in order to be considered on a motion for summary judgment must be of such evidentiary value that they would be admissible at trial. Food Fair Stores, Inc. v. Trusell, Fla. 1961, 131 So.2d 730.
We have given all the points raised in the appellant's brief our careful consideration in light of the record and arguments of counsel, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated, the judgment appealed is affirmed.
Affirmed.