416 So.2d 1149 (1982)
MINNESOTA MUTUAL LIFE INSURANCE COMPANY, a Foreign Corporation, Appellant,
v.
Susan K. CANDELORE, Appellee.
No. 81-493.
District Court of Appeal of Florida, Fifth District.
May 26, 1982.
Rehearing Denied July 27, 1982.
*1150 Ronald L. Harrop of Gurney, Gurney & Handley, P.A., Orlando, for appellant.
Herbert H. Hall, Jr. and Ronald J. Langa of Maher, Overchuck, Langa & Cate, P.A., Orlando, for appellee.
COWART, Judge.
This is an action on a life insurance policy in which the defendant insurance company asserted the defense of a material misrepresentation in the application for the policy. The jury found against the insurance company, which appeals the denial of its motions for directed verdict made during the trial and its subsequent motion for a judgment non obstante veredicto.
The substantial uncontradicted evidence clearly established that the insured consulted two physicians during the month immediately preceding his application for insurance, yet in the application he denied having consulted any physician during the preceding three years. Appellee argues that whether the misrepresentation was material[1] is a question of fact for the jury which was resolved in appellee's favor. However, the evidence is also uncontradicted that, had the question been truthfully answered, as a matter of the insurance company's standard business practice and guidelines,[2] the application would not have been summarily approved by a group administration unit, but would have been passed on to a group underwriting department. The underwriting department would have investigated the doctor's reports, which would have revealed that the applicant had suffered a quick on-set of sclerodactylia and that, while that condition may or may not have lead to scleroderma, a life-threatening disease, the insurance company would not at that time have approved the application and issued the policy. Under these circumstances, courts have generally found that the misrepresentation was material as a matter of law.[3] Appellant's motions for a *1151 disposition of the question of the misrepresentation and its materiality by the trial court as a matter of law should have been granted under the facts of this case. Accordingly, the final judgment is
REVERSED and the cause remanded for entry of judgment in favor of appellant.
SHARP, W.J., concurring and concurring specially, with opinion.
DAUKSCH, C.J., dissenting with opinion.
SHARP, Judge, concurring and concurring specially.
I concur with the majority opinion in this case because the key factor in determining the "materiality" of Candelore's misrepresentation was whether the insurance company would have found the true facts relevant or material in deciding whether or not to insure, or at what price. Garwood v. Equitable Life Assurance Society of the United States, 299 So.2d 163 (Fla. 3d DCA 1974), cert. denied, 321 So.2d 553 (Fla. 1975). In this case the evidence was uncontradicted that the insurance company would have made inquiry about the office visits and it would have learned about Candelore's quick on-set of sclerodactylia. Having learned that, the medical director for the insuror testified without any contradiction or rebuttal, that at best, he would have advised delaying the issuance of the policy for two or three years, in order to be certain the condition did not progress to the rare but life threatening disease to which Mr. Candelore unfortunately succumbed. There was no evidence offered to show the company would have then insured Candelore once the company knew of the diagnosis of sclerodactylia and that is why his misrepresentation was material as a matter of law.
DAUKSCH, Chief Judge, dissenting:
I respectfully dissent. In my view the evidence before the jury in this case was such that we cannot say, as a matter of law, the appellee was not entitled to a judgment on the verdict. The jury had evidence from which it could have concluded, and apparently did conclude that the alleged misrepresentation was not material. I agree with the holding in the Beneby v. Midland National Life Insurance Company, 402 So.2d 1193 (Fla. 3d DCA 1981) case which says "the general rule is that factual issues pertaining to misrepresentations on an application for insurance are properly within the province of the trier of fact." None of the cases cited in the majority opinion hold otherwise.
The verdict of the jury and the judgment of the trial judge come to this court presumed correct. We cannot properly disturb the lower court judgment unless there is a total lack of evidence to support the verdict and judgment. Helman v. Seaboard Coast Line Railroad Company, 349 So.2d 1187 (Fla. 1977); Commercial Credit Corp. v. Varn, 108 So.2d 638 (Fla. 1st DCA 1959). The jury and the trial judge are in a much better position to evaluate the evidence than we are.
The evidence must be viewed in a light most favorable to the verdict. This means most favorable to the appellee. All reasonable inferences will be drawn from the evidence in favor of the party who has convinced the jury. Underwriters Nat'l Assurance Co. v. Harrison, 338 So.2d 58 (Fla. 3d DCA 1976); Graves v. Wiggins, 257 So.2d 268 (Fla. 3d DCA 1972); Krasny v. Richter, 211 So.2d 612 (Fla. 3d DCA 1968). This is especially true where that convincing party was the plaintiff who had to prove her case by a preponderance of the evidence.
The evidence showed that Joseph Candelore was a man of thirty-five years, happily married, a father of two children and expecting a third. He owned and operated a heating and air conditioning business and worked long hours performing manual labor pursuing his livelihood. In June of 1978 he noticed that his hands and feet had become puffy and that he was losing a bit of his grip. He consulted a doctor who *1152 suspected "impending collagen vascular disease," a very serious and possibly life-threatening condition. The doctor ordered tests done to seek evidence of a collagen vascular disease. The test results were "normal," the doctor did not make a diagnosis and referred Joseph to a rheumatologist who determined Joseph had sclerodactylia, a thickening of the skin on the fingers. It is not a disease, but a symptom. It can be an indication the fingers perform hard manual labor or a symptom the person has a collagen vascular disease known as scleroderma. It is difficult to diagnose scleroderma but it usually exhibits additional symptoms such as gastrointestinal and urinary dysfunction. Only five or six percent of persons showing sclerodactylia ultimately are diagnosed as suffering from scleroderma. The great majority have other, non-life-threatening diseases but those who have scleroderma often die from the collagen vascular disease.
After visiting the two physicians in June there was no recommendation that Joseph receive any treatment and no recommendation for any further investigation.
Because Mr. and Mrs. Candelore had just purchased a condominium they sought a "mortgage life" policy from the appellant in July, a couple of weeks after Joseph had last visited the specialist. Among the questions on the application for life insurance was:
During the last three years, have you been hospitalized or have you consulted a physician or physicians for any reasons?
Joseph answered no to this question. Of course it is untrue and thus a "misrepresentation." The ultimate question is whether it is a material misrepresentation which permits the insurance company to avoid payment of the insurance proceeds upon the death of the insured. The jury decided it was not a material misrepresentation and did so probably upon the basis that at the time the application was filled out there was no indication that Joseph suffered from any disease, that all tests seeking evidence of disease showed "normal" findings and thus even if the company had known of the visits it would have issued the policy. Most assuredly there is evidence to the contrary on behalf of the appellant's position. But there was also evidence that the company's underwriting guidelines would have permitted the issuance of the policy with no increased rate or other restrictions. It is that evidence to which we are bound because it is what the jury must have regarded most favorably. Apparently, the plaintiff (appellee) was able to convince the jury that even if Joseph had answered the question truthfully the policy would have been issued. This, then, is a finding that the misrepresentation lacked materiality. If the same policy at the same rate would have been issued with knowledge of the true fact then the misrepresentation is immaterial. It is significant to me, and I am sure it was to the jury, that "sclerodactylia" is not listed in the underwriter's manual. Perhaps that along with the evidence that "localized scleroderma" is not a condition which would prevent the issuance of a policy caused the jury to determine as it did. There is other evidence of a rather technical nature which favors the verdict.
Upon a consideration of all of the evidence I am bound to conclude the jury was within lawful limits in reaching its verdict. The fact that I might have found otherwise is legally unavailing to the appellant.
NOTES
[1] See § 627.409(1)(b), Fla. Stat. (1979); World Ins. Inc. v. Posey, 227 So.2d 67 (Fla. 4th DCA 1969); Douglas v. Mutual Life Ins. Co. of N.Y., 191 So.2d 483 (Fla. 2d DCA 1966).
[2] Materiality of a fact, in insurance law, is somewhat subjective and relates to what the fact reasonably and naturally means to the insurer as a practical matter of probability at the time of acceptance of the risk and not to what, after the event, a jury might consider as being unreasonable or as to not being an actual causal connection between the fact and the risked event.
[3] See, e.g., Life Ins. Co. of Virginia v. Shifflet, 201 So.2d 715 (Fla. 1967); Thompson v. New York Life Ins. Co. 143 Fla. 534, 197 So. 111 (1940) (civil court of record entered judgment on a verdict for insured, circuit court reversed judgment and adjudged as a matter of law that the insured was not entitled to recover judgment, affirmed on appeal to the Florida Supreme Court); New York Life Ins. Co. v. Nespereira, 366 So.2d 859 (Fla. 3d DCA 1979) (judgment for insured reversed on appeal); Garwood v. Equitable Life Assurance Society of U.S., 299 So.2d 163 (Fla. 3d DCA 1974), cert. denied, 321 So.2d 553 (Fla. 1975) (summary judgment for insurer affirmed); Varelas v. Blue Cross of Florida, Inc., 277 So.2d 561 (Fla. 3d DCA 1973) (trial judge, who had previously reserved ruling, directed verdict for insurance company after jury verdict for insured, affirmed on appeal); Kelly v. Prudential Ins. Co. of America, 224 So.2d 435 (Fla. 2d DCA 1969) (summary judgment for insurer affirmed).