PEARSON, Judge.
The defendant, New York Life Insurance Company, appeals a final judgment entered at the conclusion of a non-jury trial. The judgment held that the plaintiff, Lena Kay, was entitled to recover the sum of $4,784.00 under a $15,000.00 insurance policy on her husband’s life. The appellee, Lena Kay, has cross assigned error upon the same judgment urging that the court committed error in reducing the amount of the recovery from some $9,000.00 to the amount allowed upon the application of F.S. § 627.0205, F.S.A.
The appellee, Lena Kay, is the widow of Ben Kay. Mr. Kay had a policy of life insurance with the appellant, New York Life Insurance Company in the face amount of $15,000.00. The appellee was the beneficiary under the policy. The policy was issued in December of 1951 and was entered upon an application showing Mr. Kay’s age at the time of application to be fifty-three years. In 1967, Mr. Kay was declared incompetent and his wife, Lena Kay, the present appellee, was appointed as his guardian. Subsequently, Mrs. Kay became concerned with the fact that she was having difficulty securing funds to pay the insurance premium. She communicated this to the appellant’s agent in Miami who advised her that the policy provided that she could use the cash surrender value of the policy less the outstanding loan on the policy as a fund to pay premiums. She elected to do this rather than abandon the policy. Thereafter, Mrs. Kay informed appellant’s agent that she was suspicious of the age given on the policy and that her husband was probably ten years older than the age given. The appellant’s agent informed Mrs. Kay that the effect of such misrepresentation would be to reduce the amount payable under the policy. He advised her to see her attorney about the matter. Mrs. Kay did not see her attorney and told appellant’s agent to drop the matter. No further action was taken by the agent or Mrs. Kay. Subsequently, Ben Kay died and claim was made for recovery under the policy. The insurance company denied recovery and after a trial before the court without jury, the judgment which is now appealed was entered.
*546 This appeal basically concerns the court’s application of F.S. § 627.0205, F.S.A. This section reads as follows:
“627.0205 — Misstatement of age or sex— There shall be a provision that if it is found that the age or sex of the insured (or the age or sex of any other individual considered in determining the premium or benefit) has been misstated, the amount payable or benefit accruing under the policy shall be such as the premium would have purchased according to the correct age or sex. Such calculations shall be in accordance with the insurer’s rate at date of issue and at the option of the insurer this may be so specified in the policy.”
The basis upon which the insurance company denied coverage is that the misstatement of age by the insured brought into play the provisions of the above statute. The insurance company, pursuant to misstatement of age provision of the policy, recomputed both the amount of insurance and the amount and duration of extended term insurance which was in effect. Based on the correct date of birth, May 7, 1888, the face value of the insurance policy was $9,392.00. Based on this value, and less the loan existing on the policy, the extended term insurance was in the amount of $4,784.00 and was in force for the period of November 6, 1968 to May 4, 1969. Mr, Kay died on June 17, 1969. Accordingly, the policy having expired prior to the insured’s death, the Defendant denied coverage. The court accepted the premise of the appellant that the statute was applicable to reduce the amount payable on the policy but refused to apply the statute to limit the extended term for the insurance as computed by the insurance company.
The point on appeal then evolves into a question of whether the court having applied the statute and reduced the face amount of the policy could refuse to apply the provision of the policy itself which provided for the duration of the extended term. The terms of the policy provided as follows:
“(a) Non-participating Extended Term Insurance: Insurance for the face amount of this Policy plus any outstanding dividend additions and any outstanding dividends, including dividend accumulations, and less the amount of any indebtedness hereon, shall, upon expiration of the grace period, be continued automatically as Non-Participating Extended Term Insurance as from the date of default for such term as the then Cash Value less any indebtedness hereon mill provide, at the Insured’s attained age nearest birthday at such date. * * * ” (Emphasis supplied).
We conclude that there is no basis upon which the court could have applied the statute to limit the amount recovered and to have failed to limit the extended term. It is specially noted that the statute quoted does not provide simply for the diminution of the face amount of the policy but also provides that the benefits of the policy be readjusted. We therefore conclude that the court committed reversible error in the application of the statute.
Appellee in her brief does not argue that the period of the extended coverage was incorrectly figured by the court, but argues that the statute should not be applied at all and that she should be entitled to recover the face amount of the policy less the loan charged to it. This argument is based upon an estoppel because the representative of the insurance company did not make a full investigation about the age of the insured. Appellee relied upon Fecht v. Makowski, Fla.App.1965, 172 So.2d 468; New York Life Insurance Company v. Strudel, 243 F.2d 90 (5th Cir. 1957). We do not find that these cases stand for the proposition that an insurance company when notified of a possible age discrepancy must make an investigation. The statute, the provisions of which are mandatory do not provide *547 for an exception. The initial misrepresentation is charged to the insured. Upon the discovery of misrepresentation, any action that must be taken is charged to the insured. The effect of the statute is mandatory and is not predicated by an investigation by the insurance company. We therefore conclude that no error has been demonstrated in the court’s failure to find for appellee upon her claim of estoppel. Having determined that the judgment is erroneous it is reversed and this cause remanded with directions to enter a judgment for the appellant, New York Life Insurance Company, dismissing the cause with prejudice.
Reversed and remanded.
CARROLL, J., dissents.